IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Keith Edward Kasyjanski,  )<br>)<br>Petitioner,  )<br>)<br>vs.  )<br>)<br>Harriet Squirewell,  )<br>)<br>Respondent.  )<br>) | C/A No.: 1:24-cv-4216-JFA-SVH<br><br><br>REPORT AND<br>RECOMMENDATION |

Keith Edward Kasyjanski ("Petitioner"), proceeding pro se, filed this complaint pursuant to 28 U.S.C. § 2241 against Fairfield County Detention Center ("FCDC") director Harriet Squirewell ("Respondent"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review such petitions and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends the district judge dismiss the petition.

I.    Factual and Procedural Background

At the time the petition was filed, Petitioner was a pretrial detainee incarcerated at FCDC. [ECF No. 1 at 1]. He stated he was being held pursuant to the order of Fairfield County Probate Judge Bradley Caulder. *Id.* He referenced an action in the Fairfield County Probate Court on May 25, 2024, and wrote: "doctor Jennifer Alleyne want's me to take psychiatric medication I

told her Fuck you Ant taken Psychiatric medication I did't take medication when I was free Not going to start!" *Id.*

Petitioner further wrote "Well Path never gave me a test for competency they discharge me back to jail 4/24/24 back to Well Path thinking I'm taking a competency test Nope! I handed them Form col and Federal civil rights." *Id.* at 2. He noted: "I'm stuck in jail with a $10,000 surety bond I'm indigent No money." *Id.* He further stated:

> Common law requires that a criminal conviction must have an injured party and/or involve damage to persons or property. The State, as a fictional creation, cannot be the victim. There was no victim. There was no victim in this case and there was no Property damage, therefore, there cannot be a crime under common law.

*Id.* at 7. He requested the court provide "freedom" and "overturn what Probate court ruleing." *Id.*

On August 19, 2024, the court issued a proper form order and an order and notice permitting Petitioner until September 9, 2024, to bring the case into proper form and file an amended petition. [ECF Nos. 8, 9]. The proper form order directed Petitioner to complete, sign, and return the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 form ("Habeas Petition Form") and to properly complete and return a proposed summons and form USM-285. [ECF No. 8 at 1–2]. It warned: "If Petitioner does not bring this case into proper form within the time permitted by this order, this case may be dismissed for failure to prosecute and failure to comply with a court order under Rule 41 of

the Federal Rules of Civil Procedure." *Id.* at 1. The order and notice advised Petitioner that the petition appeared to be subject to summary dismissal because: (1) it failed to satisfy the pleading requirements in Fed. R. Civ. P. 8(a); (2) abstention was likely required based on application of the test set forth in *Younger v. Harris*, 401 U.S. 37 (1971); and (3) he failed to allege exhaustion of state court remedies. [ECF No. 9]. It warned: "If Petitioner fails to file an amended petition or fails to cure the deficiencies identified above, the undersigned will recommend to the district judge that the petition be dismissed without leave for further amendment." *Id.* at 9–10.

Petitioner filed a letter with the court on September 13, 2024, addressing the filing fee and mentioning a "handbook How to bring a Federal lawsuit to challenge violations of your rights," but he did not request an extension of time to respond to the proper form order and order and notice. [ECF No. 15].

Petitioner filed a second letter on September 16, 2024, informing the court that he had been released from FCDC. [ECF No. 16 at 1]. He attached an order specifying methods and conditions of release that reflects charges of "Stalking / Stalking-[2-22A2010200208]; Telephone/Unlawful communication (after 07/20/01)-[2022A2010200209]; Threat / Threatening life, person or family of public employee-[2022A2010100377]." [ECF No. 16-1 at 1]. The order shows Petitioner was released from FCDC on a personal recognizance bond on September 11, 2024, with the following special conditions: (1) house arrest; (2)

3

residing at the specified address; (3) having "absolutely no contact directly or indirectly with the victim of this matter"; and (4) agreeing to a permanent restraining order "restrain[ing] him from committing further acts of abuse or threats of abuse" and "from any contact with" Dawn and Chris Darner. *Id.* at 2, 3. Petitioner is also required to appear in the Court of General Sessions on December 7, 2024. *Id.* at 1.

A review of the docket reveals the time for responding to the proper form order and order and notice has expired and Petitioner has not filed a proposed summons, a form USM-285, the Habeas Petition Form, or an amended habeas petition.

II.   Discussion

   A.   Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

        1.    Petitioner's Release from FCDC Renders the Petition Moot

Petitioner requested "freedom overturn what Probate court ruleing." [ECF No. 1 at 7]. He has advised the court of and provided proof of his release from FCDC. *See* ECF Nos. 16, 16-1. The documents he attached to his letter show the probate court "determined that [Petitioner] was not mentally ill and did not proceed with commitment." [ECF No. 16-1 at 2].

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). Based on Petitioner's representations and the

5

attachments to his September 16, 2024 letter, it appears the matter in the probate court has been resolved and Petitioner has been released from FCDC on a personal recognizance bond with the conditions specified above. Thus, the petition is moot because Petitioner has been granted the "freedom" he requested, as subject to the bond conditions, and there is no need to overturn the probate court's ruling because it did not proceed with commitment.

    2.    *Younger* Abstention Required

To the extent Petitioner may be seeking freedom from future confinement as a result of the pending charges, the court is prohibited from providing such relief. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger v. Harris*, 401 U.S. 43–44 (citation omitted). From *Younger* and its progeny, the Fourth Circuit Court of Appeals has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human*

6

*Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

The first criterion is met as the attachments to Petitioner's September 16 letter indicate that he is involved in ongoing state criminal proceedings. *See* ECF No. 16-1. The second criterion is also met because the Supreme Court has noted "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the consideration that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). In addressing the third criterion, the Fourth Circuit has noted "'that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam*, 75 F.3d at 904 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). Petitioner may present arguments as to the validity of the charges against him as part of his defense in the ongoing criminal case.

Petitioner has not made a showing of "extraordinary circumstances" justifying this court's interference with the state criminal proceedings. *See Robinson v. Thomas*, 885 F.3d 286 (4th Cir. 2017) ("A federal court may disregard *Younger's* mandate to abstain from interfering with ongoing state proceedings only where 'extraordinary circumstances' exist that present the possibility of irreparable harm."). Therefore, this court must abstain from

7

issuing any order that might interfere with the state's interest in the pending actions.

        3.    Dismissal for Failure to Prosecute

In addition, the petition is subject to summary dismissal for failure to prosecute. It is well established that a district court has authority to dismiss a case for failure to prosecute. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). In addition to its inherent authority, this court may also sua sponte dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Id.* at 630.

Based on Petitioner's failure to respond to the court's August 19, 2024 orders, the undersigned concludes he does not intend to pursue this matter. Accordingly, the undersigned recommends the petition be dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

III.   Conclusion

In light of the foregoing, the undersigned recommends the court dismiss the petition without leave for further amendment and without requiring the respondent to file a return.

IT IS SO RECOMMENDED.

September 20, 2024  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

9

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).